No. 85-330

IN THE SUPREME COURT OF THE STATE OF MONTANA

1986

_____

STATE OF MONTANA,

        Plaintiff and Respondent,

  -vs-

HAROLD EDWIN GLEED, JR.,

        Defendant and Appellant.

_____

APPEAL FROM: District Court of the Fourth Judicial District,
            In and for the County of Missoula,
            The Honorable Douglas Harkin, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Theodore P. Cowan, Missoula, Montana

    For Respondent:

        Hon. Mike Greely, Attorney General, Helena, Montana
        Joe Roberts, Asst. Attorney General, Helena
        Robert L. Deschamps, III, County Attorney, Missoula,
        Montana
        Karen Townsend and Robert Slomski, Deputy County
        Attorneys, Missoula, Montana

_____

            Submitted on Briefs: Nov. 6, 1985

                Decided: January 28, 1986

Filed: JAN 28 1986

_____
               Clerk

Mr. Justice William E. Hunt, Sr., delivered the Opinion of the Court.

Appellant, Gleed, appeals from his Missoula County District Court jury trial conviction for robbery, aggravated kidnapping, sexual intercourse without consent, and theft, and his sentence of 50 years in the Montana State Prison.

We affirm appellant's conviction and sentence.

Appellant raises two issues on appeal. First, were the statements he made shortly after apprehension made voluntarily and with knowledge of his rights against self-incrimination? Second, should the District Court judge have disqualified himself from imposition of Gleed's sentence upon learning of Gleed's allegations of improper conduct of his trial counsel? In addition, appellant's current attorney requests permission to withdraw from this case as he believes the appeal is without merit.

In the early morning hours on July 20, 1984, Gleed and three other inmates escaped from the minimum security unit of the Montana State Prison at the Swan River Youth Camp in a state-owned vehicle. They drove to Missoula where Gleed and his codefendant, Allen, separated from the other two escapees.

On Saturday, July 21, 1984, at approximately 7:30 a.m., Gleed and Allen entered Joe's Smoke Ring, a convenience store located on Highway 93 north of Missoula. Three female employees were working at the time. Gleed and Allen assaulted the clerks and robbed the store. They locked two clerks in the store cooler. Then they left the store in an automobile owned by one of the clerks, forcing the clerk to accompany them. Both men engaged in sexual intercourse with

the clerk without her consent. They were arrested later that day when the car was forced off Interstate 90 by a roadblock near the Idaho border.

Shortly after being apprehended, Gleed was interviewed at the Mineral County Jail by Detective Tom Woods. This interview became the subject of a suppression hearing in which Gleed alleged that he did not knowingly and voluntarily waive his Fifth and Fourteenth Amendment privileges against self-incrimination.

The testimony elicited from Mineral County Deputy Tom Brady and Missoula County Detective Tom Woods at the suppression hearing established that immediately upon his arrest, shortly before 2:00 p.m., Gleed was advised of his Miranda rights by Deputy Brady. Gleed was then transported to and booked in the Mineral County Jail. Detective Woods took Gleed to a kitchen area in the jail and again advised him of his Miranda rights. This occurred shortly before 3:00 p.m. Gleed said he understood his rights and was willing to speak with Detective Woods but refused to sign anything to that effect. At no time did Gleed state or indicate that he wanted an attorney or that he wished to remain silent. The district judge denied Gleed's motion to suppress, and his statements were allowed into evidence at trial.

Following Gleed's trial and conviction, he was interviewed for a presentence report. During the interview, Gleed alleged that the compulsion defense argued at trial was his trial counsel's idea, and that trial counsel persuaded him to testify to a story that would fit the compulsion defense.

Upon learning of Gleed's allegations, the Missoula deputy county attorney and the presentence investigator

- 3 -

approached the district judge and advised him of Gleed's allegations, and expressed their concerns about a potential conflict between Gleed and his trial counsel. The district judge allowed trial counsel to withdraw and appointed a new attorney to represent Gleed at sentencing.

Gleed's first argument on appeal is that he did not knowingly and voluntarily waive his Miranda rights before making statements during questioning by Detective Woods. Therefore, his statements should not have been allowed into evidence.

The voluntariness of a waiver is largely a question of fact left to the sound discretion of the trial court, and the trial court's determination will not be reversed unless it is clearly against the weight of the evidence. The determination does not depend upon one fact but upon the totality of the facts and circumstances of each case. State v. Grimestad (1979), 183 Mont. 29, 36, 598 P.2d 198, 202. The factors to consider include the background, experience, conduct, age, education, and intelligence of the accused, as well as his capacity to understand the warnings given to him, the nature of his rights, and the consequences of waiving those rights. State v. Blakney (1982), 197 Mont. 131, 138, 641 P.2d 1045, 1051.

Applying the totality of the circumstances test to the present case, it is clear that the District Court was within its discretion in denying Gleed's motion to suppress. Gleed was 21 years old at the time of his arrest, and was already familiar with the criminal justice system having several previous district court felony convictions. He earned his general equivalency diploma in 1984. According to Detective Woods' testimony, Gleed was of at least average intelligence

and gave no indication of being under the influence of drugs or alcohol. Although Gleed refused to sign a waiver card, he stated that he understood his <u>Miranda</u> warning, and agreed to speak with Detective Woods. Gleed additionally agreed to a body search for hair, saliva and blood samples.

Considering Gleed's intelligence, age and education, as well as his statements and conduct, it is clear there is sufficient evidence to support the trial court's determination that he knowingly and voluntarily waived his privileges against self-incrimination. We hold that the District Court properly denied Gleed's motion to suppress.

Gleed further alleges that the district judge should have disqualified himself from sentencing upon learning of Gleed's accusations against trial counsel. It is submitted that because of the seriousness of the charges which Gleed presented to the presentence investigator and ultimately to the district judge concerning his own attorney, this could cause the judge to take a negative view of Gleed in sentencing.

The proper procedure for disqualifying a judge is contained in section 3-1-802, MCA. A judge must disqualify himself from sitting in any action to which he is a party, or in which he is interested; when he is related to either party, or; when he has been the attorney in the action or the judge whose order is being appealed. None of those circumstances are present in this case.

A judge may be disqualified by a criminal defendant when the defendant makes and files a timely and sufficient affidavit that the judge has a personal bias or prejudice either against him or in favor of an adverse party. The affidavit shall state the facts and reasons for the belief

that prejudice or bias exists, and shall be filed not less than twenty days before trial, or good cause shown for failure to file it within such time, and the affidavit must be accompanied by a certificate of good faith. Gleed did not follow this statutory procedure for disqualification. Instead, he raises the issue on appeal in a conclusory fashion, and does not show how he was prejudiced.

Also, Gleed's statements were made to a presentence investigator during an interview for a presentence report to be used by the judge in sentencing. The information is contained in the presentence report, and would have come to the judge's attention in any event. Therefore, Gleed cannot now claim that the information was privileged or made outside of the legal process.

Finally, Montana has a sentence review division authorized at section 46-18-901, et seq., MCA. A criminal defendant may, within sixty days of imposition of sentence, apply for review of his sentence with the sentence review division.

In this case, Gleed did not attempt to disqualify the district judge or have his sentence reviewed. Instead, he raises the issue on appeal and argues in a conclusory fashion that the district judge was biased against him. Gleed does not show how the judge was biased. The statements Gleed made were made during an interview for a presentence report. The explicit purpose of the presentence report is to provide information to the court for purposes of sentencing. The sentence Gleed received was far from the maximum sentence allowed by law. We hold that there is no merit in Gleed's argument that the judge was biased and should have disqualified himself.

Therefore, appellant's present counsel is granted permission to withdraw as attorney for defendant, and appellant's conviction and sentence are affirmed.

_William E. Hunter_
Justice

We Concur:

_J. A. Turnage_
Chief Justice

_John C. Sheehy_

_Fred J. Weber_

_L. C. Gulbrandson_
Justices